Judge Napton
delivered the opinion of the court.
The cause of action against the steam boat “ Lehigh ” is stated to be ee for stores and for supplies furnished for the use of said boat, and accrued on account of Hoff, master.” The bill of items consists of provisions and groceries, and some blank books. The verdict was for the plaintiffs, and judgment was entered against the principal and securities on the bond under which the boat had been released.
The defendant offered in evidence, certain records from the circuit court of Peoria county Illinois, which were objected to as incompetent and irrelevant. The object of the testimony was stated, in the bill of exceptions, to show the legal control and custody of the boat as being in certain receivers appointed by the Peoria court, thereby showing through whom the account sued on, was contracted, the boat was in the wrongful possession of the officers thereof—and that the plaintiffs had notice of this fact. This defence was excluded.
When the case was submitted to the jury, the court was called upon by the defendant to instruct the jury that “ to entitle the plaintiffs to recover, they must show on whose account, and at whose instance the same accrued, and that said person was authorized to act for said boat.” This instruction was refused.
The principal ground upon which the reversal of the judgment is asked, is found in the position taken in the defendant’s instruction, and in the refusal of the court to give that instruction or to admit testimony offered to sustain the same line of defence.
The instruction assumes the law to be, that persons furnishing supplies to boats or their masters, must at their own peril, ascertain whether the master or agent who is actually in possession, and has control of a boat, is legally entitled to that possession and control. This proposition, we hesitate not to say, cannot be sustained. To impose such a burthen upon persons dealing with steam boats, would, in many instances, entirely frustrate the objects of our act for the more easy and speedy collection of demands of this character. It would require in many instances, an investigation into questions both of law and fact, which could not readily be made, and the necessity of such investigation would destroy all confidence in this kind of commerce.
The proposition of the defendant upon his offering certain records from Illinois, was placed on more plausible grounds than the instruction which was asked. The instruction placed the burthen of proof upon the plaintiffs, as a condition precedent to their recovery—the introduc *510 tion of the Illinois records admit the burthen of establishing the proposed defence, to be upon defendant—and the court excluded the defence, in both forms. Had the proposed defence gone further than it did, and included proof of actual fraud or collusion between the plaintiffs and the ostensible master of the steam boat, a very different question would be presented. Fraud will no doubt vitiate contracts with steam boats as well as with all other kind of contracts. But it was merely proposed to prove, that at the time of the supply of the articles by the plaintiffs to the steam boat, she was legally under the control of certain persons in Illinois appointed as receivers, and that the plaintiffs knew this fact.
This proposition is indefinite and vague. If it was designed to charge fraud and collusion upon the plaintiffs, it should have been so stated in plain terms. Fraud is not necessarily implied from a knowledge by the plaintiffs of claims to the possession of a boat existing in others than those who are in actual possession. Such conflicting claims involve legal questions, about which they may have formed very different conclusions to those reached by others. The law does not impose any obligation on them to enter into investigations, of this character, and we do not imagine that this exemption will open the door to fraud. Fraudulent contrivances may always be detected and exposed in courts of justice, and the refusal of the court below to admit the kind of testimony on defence offered; there,, will preclude no one from showing actual fraud.
The bill of exceptions, is supposed not to. present the question, which we have examined—but we take this occasion to repeat, what has been heretofore often stated, that it is no.t necessary to encumber the record with long details of testimony, excluded not on account, of any incompetency or informality, but upon the general ground that the defence designed to be sustained by it is unavailing; This position of the court admits the testimony to be otherwise unexceptionable, and brings up the point as to the legal efficacy or pertinence of the facts in the cause, and there is no necessity for spreading out upon the record the testimony offered in detail.
Judgment affirmed.